```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FAMOUS WILSON, 25-R-0343

                          Plaintiff,

            -against-

SUFFOLK COUNTY EXECUTIVE, et. al.,

                          Defendants.
------------------------------------------------------------------X
```

FILED
CLERK
10/8/2025 11:51 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

ORDER
25-CV-5175(GRB)(ST)

**GARY R. BROWN, United States District Judge:**

Before the Court is the application to proceed *in forma pauperis* ("IFP") filed by Famous Wilson ("Plaintiff"), acting *pro se*. *See* Docket Entry ("DE") 2. Upon review, the Court finds that Plaintiff is qualified by his financial position as reported on the IFP application to commence this action without prepayment of the filing fee. Accordingly, Plaintiff's application to proceed IFP is granted. However, for the reasons that follow, the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## BACKGROUND

### I. Summary of the Complaint

Plaintiff's complaint is submitted on the Court's form for civil rights actions brought pursuant to 42 U.S.C. § 1983 ("Section 1983") and seeks to challenge an arrest on June 6, 2024.[1] *See* DE 1. The defendants are the Suffolk County Executive Edward P. Romaine ("Romaine"), the Suffolk County District Attorney Raymond A. Tierney ("Tierney"), Suffolk County Police Commissioner Rodney K. Harrison ("Harrison"), and Suffolk County police officer William

---

[1] Plaintiff plead guilty to, and was convicted of, Criminal Possession of a Controlled Substance in the Third Degree and Criminal Contempt in the Second Degree, and is presently serving a sentence on these charges. *See* https://iapps.courts.state.ny.us/webcrim_attorney/Detail?which=charge&docketNumber=gkadB6llOksqsQyIxNlyD A==&countyId=Nv9qDJd4g98CYLqwOk6Q5w==&docketId=RKl7Tz2V0TMes5i1x_PLUS_Eoeg==&docketDseq =T/O1YN_PLUS_BG65HkOeqEnpAkw==&defendantName=Wilson,+Famous&court=Suffolk+1st+District+Court &courtType=U&recordType=U&recordNum= (last visited on Sept. 30, 2025).

Warren ("Warren" and collectively, "Defendants"). DE 1 at 1, and at 2-3 ¶ I.B. The brief complaint alleges that at 5:40 a.m. on June 6, 2024, Plaintiff was arrested at an apartment after "the Suffolk County Police entered" and found "a controlled substance." *Id.* at 4 ¶ II. According to the complaint, the police had a search warrant but it "did not have [Plaintiff's] name on it." *Id*. Plaintiff was "transported [] to the police station where [he] was charged with conspiracy in the second degree, criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the first degree." *Id*. Plaintiff claims that he was "overcharged" and that the "arresting officers knew that the above charges were not justified." *Id*. Plaintiff also claims that the "two million dollar bail [] placed on me [] was a violation of my right to reasonable bail." *Id*.

In the space that calls for a description of any injuries suffered, Plaintiff wrote: "I was deprived of my freedom, my right not to be detained without legal charges and mentally abused. I lost my apartment, car and along with being unable to continue training in my field of employment." *Id*. at 4 ¶ II.A. For relief, Plaintiff seeks "monetary relief in the amount of one million dollars and one thousand per day that I was held on those charges." *Id.* at 5 ¶ III.

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first considers whether a plaintiff qualifies for IFP status before moving to the merits of the complaint. *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

### I.     *In Forma Pauperis*

Upon review of the renewed IFP application, the Court finds that Plaintiff is qualified by his financial status to commence this action without the prepayment of the filing fee. Therefore, the application to proceed IFP is granted.

**II.     Sufficiency of the Pleadings**

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). It is axiomatic that district courts are required to read pro se complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).
>
> Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

# DISCUSSION

Section 1983 provides a cause of action for plaintiffs who allege constitutional violations by officials acting "under color" of state law. 42 U.S.C. § 1983. Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See id*. The Court construes Plaintiff's Section 1983 claims to allege false arrest and malicious prosecution.

## I. Immunity

### A. The Eleventh Amendment

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Supreme Court has long held that the Eleventh Amendment bars suits against a state by one of its own citizens in federal court. *See*, *e.g.*, *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). Eleventh Amendment immunity extends to state officials acting in their official capacities, including a district attorney. *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (dismissing § 1983 claims against prosecutors because the Eleventh Amendment bars claims against district and assistant district attorneys acting in their official capacities); *Smith v. Troulakis*, No. 22-CV-3441(GRB)(LGD), 2022 WL 3139118, at *3 (E.D.N.Y. Aug. 5, 2022) (dismissing official capacity Section 1983 claims against assistant district attorney as barred by the Eleventh Amendment).

However, sovereign immunity "is not absolute," and the Supreme Court "ha[s]

recognized . . . two circumstances in which an individual may sue a State." *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). First, "a State may waive its sovereign immunity by consenting to suit." *Id*. Second, "Congress may authorize such a suit in the exercise of its power to enforce the Fourteenth Amendment." *Id*.; *see also Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 80 (2000). Neither of these exceptions applies in this case. It is well-established that New York State has not waived its sovereign immunity from Section 1983 claims. *Mamot v. Bd. of Regents*, 367 Fed. App'x 191, 192 (2d Cir. 2010) (summary order). Moreover, Congress did not abrogate that immunity when it enacted Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity[.]"). Thus, Plaintiff's claim against DA Tierney in his official capacity is barred by the Eleventh Amendment and is thus dismissed pursuant to 28 U.S.C §§ 1915(e)(2)(B) and 1915A(b).[2]

### B. Prosecutorial Immunity

As this Court has previously explained,

> [u]nder federal law, prosecutors enjoy absolute immunity from liability in suits seeking monetary damages for acts carried out in their prosecutorial capacities, i.e., those acts intimately associated with the judicial phase of the criminal process ... but not for those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate.

*Trotman v. Doe*, No. 18-CV-7469 (GRB)(LB), 2020 WL 5097236, at *6 (E.D.N.Y. Aug. 27, 2020) (internal quotation marks and citation omitted). Here, Plaintiff's Section 1983 claim

---

[2] These claims are implausible for the additional reason that "neither a state nor its officials acting in their official capacities are 'persons' under § 1983" and thus no action may lie against them for money damages. *Will*, 491 U.S. at 71.

against DA Tierney in his individual capacity must fail because plaintiff's prosecution "falls squarely in the acts intimately associated with the judicial phase of the criminal process, and thus, he must be afforded prosecutorial immunity in this context." *Id.* at *7 (internal quotation marks and citation omitted); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 72 (2d Cir. 2019) (explaining that prosecutors have absolute immunity for decisions and acts that "constitute[ ] an exercise of their prosecutorial discretion in preparing a case for indictment and deciding when, where, and how to prosecute"). Accordingly, these claims are not plausible, *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) ("'[A] state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution . . . is immune from a civil suit for damage'" under § 1983) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410, 431 (1976)), and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

### II.    Lack of Personal Involvement

Although Plaintiff names Romaine, Tierney, and Harrison as defendants in the caption and in the "Parties" section of the complaint, he has omitted any allegations of conduct or inaction attributable to any of these individuals. *See* Compl., DE 1. Indeed, none of these defendants are mentioned in the statement of claim at all. *Id.* "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation marks and citations omitted); *see*, *e.g.*, *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983"). "A Section 1983 complaint that does not allege the personal involvement of a defendant thus fails as a matter of law." *Trotman v. Herod*, No. CV 19-3788 (GRB)(LB), 2020 WL 5043934, at *3 (E.D.N.Y. Aug. 26, 2020) (citing

6

*Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010)).

To the extent that Plaintiff seeks to impose liability on these Defendants based on the supervisory positions they hold, the Second Circuit made clear that "there is no special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d. 609, 618 (2d Cir. Dec. 28, 2020). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Id*. at 620.   In the absence of any such allegations, Plaintiff's Section 1983 claims against Romaine, Tierney, and Harrison are not plausible and are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

### III.     Favorable Termination Doctrine

Plaintiff's remaining claims against P.O Warren are barred by the favorable termination doctrine and are, at best, premature.   Success on Plaintiff's Section 1983 claims against P.O. Warren would implicate the validity of his conviction and are barred because the underlying criminal proceedings have not been terminated in his favor.   *See Heck v. Humphrey*, 512 U.S. 477, 484-87 (1994); *see also Barnes v. City of New York*, No. 13-CV-7283 (GBD) (JLC), 2015 WL 4076007, at *16 (S.D.N.Y. July 2, 2015) ("Where the plaintiff's underlying conviction has not been so invalidated, courts routinely dismiss Section 1983 claims for, *inter alia*, malicious prosecution, conspiracy and deprivation of the right to a fair trial pursuant to *Heck*"); *Cruz v. Reilly*, 08-CV-1245 (JFB)(AKT), 2009 WL 2567990, at *3 (E.D.N.Y. Aug. 18, 2009) ("pursuant to *Heck*, courts routinely dismiss claims of, *inter alia*, malicious prosecution, conspiracy, and deprivation of the right to a fair trial brought under Section 1983 when such claims bear on the validity of an underlying conviction") (collecting cases).

Plaintiff's false arrest claim fares no better because "[a]n arrest is privileged as a matter of law if the individual claiming false arrest is convicted of the crime for which he or she was arrested." *Icangelo v. Doe*, No. 13-CV-01638 (SJF)(ARL), 2013 WL 1455313, at *2 (E.D.N.Y. Apr. 2, 2013); *see also Gordon v. City of New York*, No. 10-CV-5148 (CBA) (LB), 2012 WL 1068023, at *4 (E.D.N.Y. Mar. 29, 2012) (observing "it has been repeatedly held in this circuit that in an action for false arrest, the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested, because the conviction is treated as conclusive evidence of probable cause to arrest") (internal quotation marks and citations omitted). Likewise, a plaintiff's plea of guilty establishes probable cause and bars a claim for false arrest. *See Roundtree v. City of New York*, 778 F. Supp. 614, 619 (E.D.N.Y. Nov. 20, 1991) (conviction at trial or by plea "conclusively established the existence of probable cause, unless the conviction was obtained by fraud, perjury or other corrupt means") (internal quotation marks and citations omitted); *Hope v. City of New York*, No. 08-CV-5022(BMC), 2010 WL 331678, at *2 (E.D.N.Y. Jan. 22, 2010) ("A valid prosecution resulting in conviction is conclusive evidence that probable cause existed for an arrest, even if the conviction is the result of a guilty plea to a lesser charge than that for which plaintiff was arrested").   Given Plaintiff's conviction following the challenged arrest, his false arrest claim is not plausible.

Accordingly, Plaintiff's Section 1983 claims against P.O. Warren are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1).

### IV.    State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that

8

they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's complaint and Plaintiff may pursue any such claims in statue court.

## V.     Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). However, leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Here, the deficiencies in Plaintiff's claims are substantive and could not be cured with better pleading. Accordingly, leave to amend the complaint would be futile and is thus denied.

## VI.     Section 1915 Privilege

The Second Circuit has long-established that "the benefit of § 1915 is a privilege, not a right . . . and that the court's 'extra measure of authority' in dealing with § 1915 actions is necessary because frivolous suits unduly burden the courts, sometimes obscuring meritorious claims, occasion significant expenditures of public monies, and are a means by which plaintiffs can use the federal government to harass individual defendants." *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983) (citations omitted). As IFP status is not a constitutional right but rather a congressionally created benefit, it can be extended or limited by Congress. *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (citation omitted). Indeed, to help staunch a "flood of nonmeritorious" prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule. *Lomax v. Ortiz-Marquez*, 590 U.S. ----, 140 S. Ct. 1721, 1723 (2020) (citing *Jones v. Bock*, 549 U.S. 199, 203 (2007)). That rule generally prevents a prisoner from bringing suit IFP—that is, without first paying the filing fee—if he has had three or more prior suits "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." *Id*. (quoting 28 U.S.C. § 1915(g)).

In determining when a plaintiff should receive a strike for a dismissed case under section 1915(g), the Second Circuit has made clear that district courts should not impose strikes in its dismissal orders. *See James v.* McIntosh, 24-624, 2024 WL 4662980 (2d Cir. Nov. 4, 2024) ("a district court errs in entering a strike at the dismissal stage") (citing *Deleon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004)). Rather, a district court should only consider whether a plaintiff has three strikes if it appears that the plaintiff has run afoul of section 1915(g) and is barred from proceeding IFP in the instant action. *See id.* As such,

[t]he district court judgments should clearly set forth the reasons for dismissal,

10

> including whether the dismissal is because the claim is "frivolous," "malicious,"
> or "fails to state a claim," whether it is because the prisoner has failed to exhaust
> an available administrative remedy, or for other reasons.
>
> Clarifications of this sort will undoubtedly assist subsequent courts that must
> determine whether a plaintiff is barred from maintaining an action *in forma
> pauperis* by the three strikes rule of Section 1915(g).

*Deleon*, 361 F.3d at 95 (citing *Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999)) (purgandum).³

Incarcerated litigants face a greater risk of various harms while in prison, including physical injuries, poor prison conditions, inadequate medical care, and other constitutional deprivations, making their access to relief from the judicial system of the utmost importance. *See Rosa v. Doe*, No. 21-2628, 2023 WL 8009400 (2d Cir. Nov. 20, 2023) (discussing history and importance of IFP status). This access, however, when done through IFP status, is not unrestricted and the indigent prisoner should be made aware of the limitations. Once a prisoner accrues three dismissals based on either frivolousness, maliciousness, or for failure to state a claim, that prisoner will be prohibited from commencing another action or appeal IFP unless he is in imminent physical danger—regardless of the meritoriousness of the case. *See*, *e.g.*, *Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007) (affirming dismissal of prisoner's IFP action alleging claims of exposure to mold and unjust discipline based on the three-strikes rule); *Fate v. New York*, No. 19-CV-4107 (CS), 2021 WL 1177966, at *7 (S.D.N.Y. Mar. 26, 2021) (dismissing prisoner's IFP case alleging campaign of police harassment and retaliation and a physical assault under the three-strikes rule). Indeed, "[r]equiring prisoners to make economic

---

³ *See Farmers Property and Casualty Insur. Co. v. Fallon*, No. 21-CV-6022 (GRB)(ARL), 2023 WL 4975977, at *3 n.6 (E.D.N.Y. Aug. 3, 2023) (discussing use of "purgandum" to indicate the removal of superfluous marks for the ease of reading).

11

decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state." *Nicholas v. Tucker*, 114 F.3d 17, 21 (2d Cir. 1997) (citation omitted).

Here, the Court does not impose any strikes against the Plaintiff but will note, however - - for the *pro se* Plaintiff's benefit - - that the statute under which he is proceeding is a privilege subject to revocation. And the plain language of § 1915(g) suggests that such revocation is compulsory in the face of abuse. *See* 42 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has [violated the three-strike rule] unless the prisoner is under imminent danger of serious physical injury.") (emphasis added); *see also Lomax*, 140 S. Ct. at 1723-24 ("That provision bars further IFP litigation once a prisoner has had at least three prior suits dismissed on specified grounds."). Accordingly, the Plaintiff proceeding IFP here is cautioned that the dismissal of the present complaint for failure to state a claim may be considered a strike by a future court and contribute to the determination that he has violated the three-strikes rule of § 1915(g), barring him from commencing further actions or appeals IFP.

## CONCLUSION

Based on the foregoing, Plaintiff's application to proceed IFP is granted. However, the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Leave to amend the complaint is denied. The Clerk of the Court shall enter judgment accordingly and mail a copy of this order and judgment to the Plaintiff at his address of record and note such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose

of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

Dated:     October 8, 2025
         Central Islip, New York

/s/ Gary R. Brown
Gary R. Brown
United States District Judge